**IN THE UNITED STATES DISTRICT COUFT**
**FOR THE NORTHERN DISTRIT OF GEORGIA**

| | | |
|---|---|---|
| D. C. KEENAN & ASSOCIATES, P.A., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: |
| v. | ) ) | |
| FELLER & WENDT, LLC | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## PLAINTIFF'S APPLICATION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, Plaintiff D.C. KEENAN & ASSOCIATES, P.A., f/k/a D.C. KEENAN & ASSOCIATES, P.C. ("Keenan") applies for an order confirming the award of the arbitrator, attached hereto as Exhibit A, and for the entry of judgment for Keenan and against FELLER & WENDT, LLC ("Feller") in the amount of $67,280 (sixty-seven thousand two hundred eighty dollars).   Keenan shows:

1.  On July 24, 2023, Keenan filed this action to compel Feller to arbitrate the underlying disputes in accordance with the agreements between the parties.  The complaint was filed provisionally under seal.

1

2.  On August 23, 2023, this Court granted Plaintiff's Unopposed Motion to Unseal the Case.  [Doc. 8].

3.  On October 27, 2023, this Court granted the Joint Motion to Stay the Case Pending Arbitration, directed the Clerk to administratively close the case, and directed the parties to notify the Court within seven days following the conclusion of the arbitration so that the case could be reopened. [Doc. 15].

4.  On May 30, 2024, the arbitrator, Henry D. Fellows, Jr., issued the Order and Award in the arbitration, concluding: "Therefore, Claimant [Keenan] is entitled to recover a total of $67,280 from Respondent [Feller]." Order and Award at 10.

Plaintiff is therefore entitled to an order confirming the award and entering judgment thereon.  A proposed order and a proposed judgment are filed herewith.

Respectfully submitted this 5th day of June, 2024.

/s/ Bruce P. Brown
Bruce P. Brown
BRUCE P. BROWN LAW LLC
Georgia Bar No. 064460
bbrown@brucepbrownlaw.com
1123 Zonolite Road, Suite 6
Atlanta, GA 30306
(404) 386-6856
Attorney for Plaintiff

2

## CERTIFICATE OF COMPLIANCE AND SERVICE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Century Schoolbook and a point size of 13. I further certify that a copy of the foregoing has been served upon all counsel of record via CM/ECF.

This 5th day of June, 2024.

/s/ Bruce P. Brown
Bruce P. Brown

EXHIBIT

A

D.C. KEENAN & ASSOCIATES, P.C.     )
    )
    Claimant,     )    Private Arbitration by Agreement of
    )    the Parties
v.     )
    )
FELLER & WENDT, LLC,     )    **ORIGINAL**
    )
    Respondent.     )

## ORDER AND AWARD

D.C. Keenan & Associates, P.C. ("KLF" or "Claimant") and Feller & Wendt, LLC ("F&W" or "Respondent"), through their counsel, agreed in a November, 2023 written arbitration agreement to this private arbitration and appointed Henry D. Fellows, Jr., to serve as the sole Arbitrator in this matter. This arbitration relates to two attorneys' fees disputes between the law firms as to Jacob Beeks v. Advanced Services d/b/a Treasure Valley Advanced Concepts, LLC ("Beeks") and Dennison v. Utah Department of Transportation, RLW Construction, et al. ("Dennison").

The undersigned conducted an in-person two-day arbitration hearing in this matter on Monday, May 13, 2024, and Tuesday, May 14, 2024. The undersigned has also reviewed and analyzed the pre-hearing briefs, the transcript of the hearing, the exhibits tendered into evidence at the hearing, and the post-hearing briefs provided to him by counsel to the parties. Having reviewed and considered all matters of record, the undersigned finds and concludes as follows.

## FINDINGS OF FACT

Claimant is an Atlanta, Georgia based law firm that represents plaintiffs in personal injury cases. Don Keenan is the founder and sole owner of Claimant. Mr. Keenan is a highly successful, well-known member of the plaintiffs' bar, and he is a member of the State Bar of Georgia.

Respondent is a Utah-based personal injury law firm with offices in Utah, Idaho, and Arizona. Matt Feller and Thaddeus Wendt are the founding partners of Respondent. Neither they nor any other members of Respondent are members of the State Bar of Georgia.

On or about October 4, 2019, Respondent and Nadine Brown, as duly authorized Representative of Jacob Beeks, entered into that certain Attorney-Client Agreement in connection with personal injury claims against Advanced Services d/b/a Treasure Valley Advanced Concepts, LLC. (Respondent's Exhibit 69). On or about December 9, 2020, Respondent, Paul Dennison, and Jennifer Dennison, wife and duly authorized representative of Paul Dennison, entered into that certain Attorney-Client Agreement in connection with Paul Dennison's personal injury claims against the Utah Department of Transportation, RLW Construction, and other entities. (Respondent's Exhibits 97 and 98).

Claimant, Respondent, and Nadine Brown as duly authorized Representative of Jacob Beeks entered into that certain Contract for Legal Representation (Consult Contingent Fee Agreement) ("Beeks Contract") on or about June 9, 2020. (Plaintiff's Exhibit 1.) Claimant, Respondent, and Paul Dennison entered into that certain Contract for Legal Representation (Consult Contingent Fee Agreement) ("Dennison Contract") on or about March 2, 2021. (Plaintiff's Exhibit 2). The Beeks Contract and the Dennison Contract were drafted by Respondent. (Testimony of Matthew Feller, p. 29, Volume 2; Testimony of Thaddeus Wendt, p. 233, Volume 2).

Claimant presented testimony by Gregg Luther and David Hoey as to the services rendered by Claimant in the Beeks matter and the Dennison matter. It was apparent from their testimony that Claimant performed some legal services in the Beeks matter, but minimal legal services in the Dennison matter. Luther and Hoey also testified as to the work which they contended Respondent did not perform pursuant to the Beeks Contract and the Dennison Contract in Respondent's capacity as Referring Attorney (RA). (Testimony of Gregg Luther, Volume 1; Testimony of David Hoey, Volume 1). They also testified as to documentary evidence of communications between Claimant and Respondent, including e-mails exchanged during 2020, 2021, and 2022.

Respondent presented testimony by Matt Feller and Thaddeus Wendt as to the legal services Respondent provided to Beeks and Dennison from the inception of Respondent's attorney-client relationships with the clients through the eventual settlement and resolution of their respective claims in late 2022 and early 2023. Respondent served as lead counsel in both matters and provided substantial legal services to Beeks and Dennison.

Feller and Wendt testified to the extent of legal services rendered by Claimant in the Beeks matter and the minimal legal services rendered by Claimant in the Dennison matter. Respondent noted that the only substantive work performed by Claimant in the Dennison matter was a Focus Group meeting on February 4, 2021, and the preparation of a written Focus Group Narrative as of that date that appears to have been generated by Claimant to decide whether to enter into the consulting services agreement with Respondent. (Testimony of Feller, pp. 33-35, 66-68, 78, Volume 2; Plaintiff's Exhibit 25). It is accurate that Claimant provided an "insurance pyramid" document and updated versions of the Master Case Checklist to Respondent during 2021 and 2022, but it is apparent that Respondent performed substantially all of the litigation services rendered to the Dennisons and that Respondent exclusively negotiated on behalf of the Dennisons to obtain

3

the substantial settlement for them.  (Testimony of Feller, pp. 42-66, Volume 2; Testimony of Wendt, pp. 212-215, 233-239, Volume 2).

Feller and Wendt testified as to Respondent's expectation of the legal services to be rendered by Claimant and the fact that Claimant was unable to perform the legal services which Respondent expected to receive from Claimant.  (Testimony of Feller, pp. 78-83, 86-87, Volume 2).  Feller and Wendt also testified as to the reasons why Respondent decided to terminate the Beeks Contract and the Dennison Contract.  The Arbitrator finds that Respondent's decisions to terminate the Beeks Contract and the Dennison Contract were made in good faith and that Respondent did not breach either of the Contracts in doing so.  (Testimony of Wendt, pp. 212-215, pp. 233-239, Volume 2).

The Arbitrator finds that Respondent notified Claimant in two video conferences conducted during July, 2022, of Respondent's intent to terminate the Beeks Contract and the Dennison Contract.  Although Respondent admitted through Thaddeus Wendt's testimony that Respondent never transmitted the June, 2022 termination letter to Claimant, Respondent did notify Claimant that Respondent was terminating the Contracts, and Claimant's witnesses, Gregg Luther and David Hoey, acknowledged that Respondent terminated the Contracts.  (Testimony of Luther, Volume 1; Testimony of Hoey, Volume 1).

Neither the Beeks Contract nor the Dennison Contract contained any provision regarding termination of the Contracts.  Neither Contract required that written notice of termination was necessary to terminate either Contract.  Nor did either Contract specify any consequences of the termination of the Contracts.

4

As to the Dennison Contract, the Arbitrator finds that the testimony by Jennifer and Paul Dennison was compelling. Jennifer Dennison testified that Claimant had done very little work for the Dennisons, and she and Paul Dennison agreed with the termination of the Dennison Contract with Claimant. (Testimony of Jennifer and Paul Dennison, p. 202, Volume 2). During the course of her direct examination, she testified that Ms. Eliza Booker of Respondent showed her and Paul Dennison Plaintiff's Exhibit 5, entitled Paul Dennison Settlement Disbursement Statement, and explained why there was a reference to the "Keenan Law Firm Fee Split." Ms. Dennison testified that she and Paul Dennison understood that the Disbursement Statement displayed a "worst case" scenario of attorneys' fees. She also testified that she and Paul Dennison understood and agreed that if the $474,833.33 in attorneys' fees identified for Claimant were not paid to Claimant, then the attorneys' fees would instead be paid to Respondent. Jennifer and Paul Dennison understood and agreed that the fees would not be paid to them. (Testimony of Jennifer Dennison, pp. 205-207, Volume 2).

During the July, 2022 video conferences, representatives of Claimant and Respondent discussed generally how to try to resolve "attorney liens" and the payment of fees to Claimant in the event that the Beeks and Dennison matters resolved favorably for the clients. Representatives of Claimants and Respondents referred to a possible recovery on a quantum meruit basis, and they continued to communicate by e-mail following the video conferences. (Testimony of Luther, Hoey, Feller, and Wendt).

After terminating the Beeks and Dennison Contracts, Respondent represented Beeks and Dennison without any involvement or participation by Claimant. Respondent conducted discovery, obtained expert witnesses, and negotiated with counsel to the tortfeasors in the Beeks and Dennison matters. Respondent eventually negotiated monetary settlements in both matters

during early 2023. It is undisputed that Claimant had no involvement or participation in the settlement negotiations or mediations in the matters. (Testimony of Luther, Hoey, Feller, and Wendt).

Respondent did notify Claimant of the settlements after they occurred in 2023. Respondent's representatives and Claimant's representatives communicated with each other during the first half of 2023 regarding efforts to resolve the attorneys' fees disputes for both matters. Eventually, Respondent's counsel transmitted a letter dated June 7, 2023, to Claimant offering to resolve Claimant's attorneys' fees claims in both the Beeks matter and Dennison matter for $65,000. (Plaintiff's Exhibit 8). Counsel for Claimant informed the Arbitrator at the hearing that the parties agree that Claimant is owed $2,280.00 in expenses only for the Dennison matter. (Transcript, p. 115, Volume 1). Respondent did not dispute that expense amount.

During the arbitration hearing, Mr. Wendt explained the basis for Respondent's offer to Claimant. The total amount of $65,000 includes an allocation of $15,000 in fees for the Beeks matter and $50,000 in fees for the Dennison matter. The $15,000 in fees for the Beeks matter is very close to the amount that Claimant would have received pursuant to the Beeks Contract based upon the settlement that was ultimately reached in the Beeks matter. (Testimony of Feller, pp. 98-99, Volume 2; Plaintiff's Exhibit 3).

As to the Dennison matter, Mr. Wendt testified that Respondent devoted "hundreds and hundreds of hours" to the representation of the Dennisons and that Claimant had, at most, thirty hours of work in the Dennison case. (Testimony of Wendt, pp. 211-212, Volume 2). He also testified that Respondent received "very limited value" from Claimant in the representation of the Dennisons. He stated that the "insurance pyramid" was the "only new piece of information that he received from the Keenan firm." (Id.).

6

On the first day of the hearing, Mr. Hoey admitted that neither he nor any other attorney employed by Claimant met with or communicated with any of the expert witnesses, opposing counsel for the eventual defendants, or insurance company representatives in the Dennison matter. (Testimony of Hoey, pp. 246-248, Volume 1). Nor did Claimant participate in the mediation for the Dennisons. (Id.) Nor did Claimant ever visit the scene of the incident or prepare deposition hit lists, pleadings, motions, or briefs. (Id.).

Mr. Wendt testified that the $50,000 amount that Respondent allocated to the Dennison matter was based upon Claimant providing only 2% to 3% of the proportionate legal services rendered to Paul and Jennifer Dennison. (Testimony of Wendt, pp. 213-214, Volume 2). He also testified that Respondent acted in good faith in terminating the Dennison Contract and in allocating the amount of $50,000 for the Dennison matter based upon the limited value of Claimant's services rendered for that matter. (Id.).

## CONCLUSIONS OF LAW

Based upon the evidence presented, the Arbitrator concludes that the Beeks Contract and the Dennison Contract are governed by Georgia law. Claimant prepared the two Contracts, and both Contracts contain the legend "STATE OF GEORGIA COUNTY OF FULTON." The testimony at the hearing confirmed that the parties intended that Georgia law applies to the Contracts. (Testimony of Luther, p. 137, Volume 1; Testimony of Hoey, p. 239, Volume 1). Also, the federal Complaint filed by Claimant as a diversity action in D.C. Keenan & Associates, P.A. v. Feller & Wendt, LLC, in the U.S. District Court for the Northern District of Georgia, Civil Action File No. 1:23-cv-03266-JPB, alleges that Feller & Wendt, LLC transacted business with Keenan & Associates, P.A. in Georgia. (¶ 6 of Complaint.) Under these circumstances, Georgia

substantive law applies. *Duckworth v. Allianz Life Insurance Company of North America,* 706 F.3d 1338, 1341 (11th Cir. 2013).

The Arbitrator finds and concludes that Respondent had the right to terminate both the Beeks Contract and the Dennison Contract for the reasons stated by Messrs. Feller and Wendt at the arbitration hearing. Particularly as to the Dennison Contract, Claimant did not provide the services to Respondent and its clients which Respondent bargained for and expected to receive from Claimant. It is accurate that neither Contract contains a termination clause, but the absence of a termination clause did not prevent Respondent from terminating the Beeks Contract and the Dennison Contract based upon non-performance by Claimant. To the extent that Claimant claims that the Contracts are ambiguous, under Georgia law, ambiguities are construed against the drafter of the Contract. *Adventure Motorsports Reinsurance, Ltd. v. Interstate National Dealer Services,* 313 Ga. 19, 28, 867 S.E.2d 115, 122 (2021); *Duckworth, supra,* at 1342. Claimant drafted both Contracts, so the Contracts must be construed against Claimant.

Respondent has argued in this arbitration that the Beeks Contract and the Dennison Contract are not enforceable because they violate Georgia Rule of Professional Conduct 1.5(e). Respondent presented the expert witness testimony of Warren Hinds in support of its argument. The Arbitrator has carefully considered Respondent's arguments and Claimant's counter-arguments regarding the enforceability of the Contracts. The Arbitrator notes that Rule 1.5(e)(1) does not define the term "services" and that "services" can be based upon hours worked or value added to the representation of clients in adversarial matters. The Arbitrator declines to rule that the Beeks Contract and the Dennison Contract are unenforceable. Rather, the Arbitrator is rendering a substantive decision in this arbitration on other grounds, as explained below.

8

The Arbitrator finds and concludes that Respondent did not breach either the Beeks Contract or the Dennison Contract by terminating them. Particularly as to the Dennison matter, the evidence shows that Respondent terminated the Dennison Contract with the clients' agreement and consent prior to the time that Respondent recovered any attorneys' fees in that matter. Significantly, Respondent terminated both the Beeks and Dennison Contracts several months before Respondent negotiated settlements in the two matters which resulted in the earning of attorneys' fees in early 2023. Therefore, Respondent terminated the Beeks Contract and the Dennison Contract before the contingency occurred in either matter that would give rise to Claimant's entitlement to the recovery of a share of attorneys' fees.

Although Respondent had the right to terminate the Contracts, that does not end the inquiry as to whether Claimant is entitled to recover compensation for its services rendered in the two matters. Under Georgia law, although a law firm can be barred from the recovery of a contingent fee pursuant to a contingency fee contract where the contingency, i.e., an award of fees, has not occurred before the contract was terminated, the firm can still recover compensation on a *quantum meruit* basis. *Greer, Klosik & Daugherty v. Yetman*, 269 Ga. 271, 274 (1998).

Based upon the factual findings discussed above, the Arbitrator finds and concludes that Claimant is entitled to recover only a relatively small amount of compensation from Respondent on a *quantum meruit* basis. During the hearing, David Hoey testified that the value of the services rendered by Claimant in the Dennison matter was $474,000, the amount that Claimant would have received pursuant to the Dennison Contract. (Testimony of Hoey, p. 266, Volume 1). However, the Arbitrator finds and concludes that Claimant did not present cogent and convincing evidence that the value of Claimant's services was equal to that dollar amount or an amount in that order of magnitude.

9

Rather, the Arbitrator finds and concludes that the testimony by Thaddeus Wendt as to the value of Claimant's services in the Dennison matter in the approximate amount of $50,000 was based upon a good faith estimate of the value of Claimant's services in the Dennison matter. The Arbitrator further finds and concludes that Mr. Wendt provided a fair and reasonable foundation for estimating that the value of Claimant's services in the Dennison matter was $50,000 and that the value of Claimant's services in the Beeks matter was $15,000.

## AWARD

Accordingly, based upon all of the evidence in the record, including the testimony and the documentary evidence, the Arbitrator finds and concludes that Claimant is entitled to recover $15,000 in the Beeks matter, $50,000 in the Dennison matter, and $2,280.00 in expenses in the Dennison matter. Therefore, Claimant is entitled to recover a total of $67,280.00 from Respondent. Respondent is directed to pay that amount to Claimant within fifteen business days of receipt of this Order and Award. The Arbitrator further finds and concludes that neither party is entitled to recover attorneys' fees from the other party in this arbitration.

**It is so Ordered, this 30th day of May, 2024.**

Henry D. Fellows, Jr., Arbitrator

**Order and Award served upon on May 30, 2024.**

BRUCE P. BROWN LAW, LLC

Bruce P. Brown
Georgia Bar No. 064460
1123 Zonolite Road, Suite 6
Atlanta, Georgia 30306
Email:  bbrown@brucepbrownlaw.com

Counsel for Claimant D.C. Keenan & Associates, P.C.

BERMAN FINK VAN HORN P.C.

Benjamin I. Fink
Georgia Bar No. 261090
Cheralynn M. Gregoire
Georgia Bar No. 309760
3475 Piedmont Rd. N.E.
Suite 1640
Atlanta, GA 30305
bfink@bfvlaw.com
cgregoire@bfvlaw.com

Counsel for Respondent Feller & Wendt, LLC